Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI160001226
Transaction ID: 0004057872
Filing Date: 07/29/2016 04:09:21 PM CDT

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| LORETTA LEWIS, | ) | |
| | ) | CASE NO. CI 16- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| BELLEVUE UNIVERSITY, a Nebraska | ) | |
| Non-Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Loretta Lewis, Plaintiff, and for her complaint against Bellevue University, Defendant, states:

### General Allegations

1.     Plaintiff Loretta Lewis ("Lewis") is a resident of Douglas County, Nebraska.

2.     Defendant Bellevue University is a Nebraska nonprofit corporation doing business in Sarpy County, Nebraska ("Bellevue") with its principal place of business at 1000 Galvin Road South, Bellevue, Nebraska 68005.

3.     This Court has jurisdiction over the subject matter of this action pursuant to Neb. Rev. Stat. §24-302, as amended, and has jurisdiction over the federal claims alleged pursuant to 29 U.S.C. §2617(a)(2).

4.     Venue is proper in Sarpy County, Nebraska pursuant to Neb. Rev. Stat. §25-403.01 because Sarpy County is where events giving rise to the causes of action occurred and because it is where Bellevue has its principal place of business.

### First Cause of Action
### Retaliatory Discharge

5.     Lewis was, at all relevant times, an at-will employee of Bellevue.

EXHIBIT

A

6. On or about April 4, 2016, Lewis sustained personal injury in an accident arising out of and in the course of her employment with Bellevue.  Specifically, while she was on 'her hands and knees' doing work assigned to her by a maintenance manager employed by Bellevue, Sam Borer, she suffered an inflamed bursa to her right knee.

7. Following the accident, Lewis tried to continue working, then discontinued work and sought emergency medical treatment.  Later in the day, Lewis notified her supervisor, Kim Schendt, of the injury she sustained, that Lewis would need to remain off work for the remainder of the work week, pursuant to a doctor's note that she presented at that time, and would need to file a claim for benefits under the Nebraska Workers' Compensation Law.

8. On April 7, 2016, Lewis saw a second medical provider due to her knee injury, who allowed that Lewis should remain off work but could return on Monday, April 11, 2016, and Lewis notified Kim Schendt that she still was under medical care and restricted from work activities by the medical provider because of the work injury.

9. Lewis returned to work at Bellevue on April 11, 2016.

10. On April 22, 2016, Lewis sent an e-mail to Sara Maguire, an employee in Bellevue's human resource department, containing the incident report for the right knee injury.

11. On April 25, 2016, a Bellevue human resource representative, Dan Bankey, telephoned Lewis and told Lewis that she was terminated for "unreliability" by Bellevue.

12. Bellevue ordinarily does not terminate employees who claim benefits under the Nebraska Workers' Compensation Act; however. Bellevue terminated Lewis after she claimed workers' compensation benefits and in retaliation for Lewis' exercise of her rights under Nebraska worker's compensation law.

2

13.     The Nebraska Workers' Compensation Act presents a clear mandate of public policy which warrants exception to the at-will employment doctrine, as recognized by the Nebraska Supreme Court in *Jackson v. Morris Communication Corp.*, 265 Neb. 423 (2003), and Lewis' termination constitutes unlawful conduct in violation of Nebraska's public policy.

14.     As a direct and proximate result of Bellevue's wrongful termination, Lewis suffered and continues to suffer damages, which damages include including the loss of compensation and employment benefits she was receiving at Bellevue, and in the search for comparable employment Lewis has incurred expenses.

15.     As a further direct and proximate result of Bellevue's' retaliatory conduct, Lewis has experienced mental anguish, humiliation, emotional distress, anxiety, inconvenience and annoyance and will continue to do so indefinitely, to Lewis' damage and loss.

WHEREFORE, Plaintiff requests judgment against Bellevue for special damages, including back pay of $8,190.38, additional wage loss and loss of benefits as proved at trial, for front pay, for compensatory damages, for punitive damages in an amount sufficient to punish Bellevue and to deter others, for interest at the current prevailing rate, for attorneys' fees, for the costs of this action, and for such other relief as may be just.

## Second Cause of Action
## Family Medical Leave Act

16.     Lewis re-alleges paragraphs 1-15, above, as if fully set forth herein.

17.     Bellevue, at all times, was a private-sector employer with 50 or more employees in 20 or more workweeks in 2016 or the preceding calendar year.

18.     Lewis was employed by Bellevue for more than twelve months, had at least 1250 hours of service preceding her termination, worked at a location where Bellevue had at least 50 employees within 75 miles.

3

19.    For purposes of the federal Family Medical and Leave Act of 1993 (FMLA), Bellevue was a 'covered employer' under the FMLA, and Lewis was an 'eligible employee' under that law.

20.    On or about April 17, 2016, Lewis became ill at home and sought emergency medical treatment. Lewis called in to Bellevue's voice mail to advise Kim that Lewis' ailment rendered her unable to perform her job duties at Bellevue the next day, and she needed to see her medical care provider.

21.    On April 19, 2016, Lewis returned to work and performed job duties. During the work hours, Lewis told Kim Schendt of her medical condition and ongoing discomfort.

22.    Later on April 19, 2016, Lewis symptoms worsened and suspecting she may have an infection, sought emergency treatment that afternoon. Lewis was diagnosed with a respiratory infection, was told to avoid contact with people, and to remain off work until April 25, 2016.

23.    At Lewis' direction her spouse called in to Bellevue's voice mail on April 19, 2016, to advise Kim Schendt that Lewis' ailment rendered her unable to perform her job duties at Bellevue the next day, and she was told to remain off work until April 25, 2016.

24.    On April 20, 2016, Lewis called in to Bellevue's voice mail to advise Kim Schendt of her situation personally.

25.    On April 21, 2016, Lewis called in to Bellevue and spoke with Sam Borer and gave him complete information of her medical ailment and need to remain off work until April 25, 2016.

26.    On April 22, 2016, Lewis sent an e-mail to an employee in Bellevue's human resource department, which in addition to the incident report for the right knee injury

4

aforementioned, also contained documents from the medical provider regarding the respiratory infection.

27.     On April 24, 2016, Lewis' medical condition worsened, necessitating emergency treatment that afternoon. The medical provider diagnosed Lewis with an intestinal infection, and instructed Lewis not to return to work on April 25, 2016. Lewis called in to Bellevue's voice mail to advise Kim that Lewis' ailment rendered her unable to perform her job duties at Bellevue the next day.

28.     Lewis' illness required her to miss work for three or more days.

29.     When Lewis took her medically necessary leaves from her work at Bellevue in April of 2016, she had not taken twelve (12) workweeks of leave within the prior twelve-month period.

*Count I – Interference with Substantive FMLA Rights*

30.     By making phone calls to managers and/or supervisors, by placing messages on the designated message line, and by providing Bellevue with notes from medical providers of reasons Lewis needed to be excused from work, Lewis had provided Bellevue with adequate notice to know that Lewis' leave may be for an FMLA-qualifying purpose.

31.     Bellevue knew or should have known that Lewis required FMLA protected medical leave to address symptoms of her medical illness.

32.     Bellevue knew or should have known that, within the time required by the FMLA, it was obliged to inform Lewis of her FMLA eligibility status and provide notice to Lewis of her rights and responsibilities under the FMLA; or, if she was not eligible to state one or more reasons why.

33.     Bellevue, by and through one or more of its employees acting within the course and scope of his or her employment, directly interfered with Lewis' protected rights under the FMLA and terminated Lewis on April 25, 2016, and as a direct and proximate result, Lewis was denied protection of her FMLA rights and the protections afforded to her under FMLA, has lost compensation and employment benefits.

34.     Lewis claims back pay and benefits from the date of her termination to the date of judgment, front pay and benefits following judgment, an award of liquidated damages and an award of attorney's fees, expert witness fees, and costs she incurs in the prosecution of this action..

<i>Count II – Retaliation</i>

35.     Lewis participated in a protected activity when she exercised her protected rights under FMLA.

36.     Bellevue knew or should have known that Lewis required FMLA protected medical leave to address symptoms of her medical illness.

37.     Bellevue does not terminate employees who have exercised their rights under FMLA and are on leave, and it restores employees who have exercised their FMLA rights when returning from leave either to (a) the positions of the employment they held when the leave commenced, or (b) an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

38.     Lewis suffered an adverse employment action when Bellevue terminated her employment.

4:16-cv-03144-JFB-TDT    Doc # 1-1   Filed: 09/02/16   Page 7 of 14 - Page ID # 10

39.     Lewis' termination was directly and causally linked to her exercise, or her attempt to exercise, FMLA rights to medically necessary leave, and it was in retaliation for attempting to, or actually exercising, her protected rights under FMLA.

40.     As a direct and proximate result Lewis has lost compensation and employment benefits.

41.     Lewis claims back pay and benefits from the date of her termination to the date of judgment, front pay and benefits following judgment, an award of liquidated damages and an award of attorney's fees, expert witness fees, and costs she incurs in the prosecution of this action.

WHEREFORE, Lewis seeks judgment against Bellevue in an amount which will fully and fairly compensate her for injuries and damages, including back pay and front pay, liquidated damages, Pre- and post-judgment interest at the prevailing rate, for attorneys' fees, for expert witness fees, the costs of this action, for appropriate equitable relief, and for such other relief as may be just and consistent with the purposes of Family Medical Leave Act.

Loretta Lewis, Plaintiff.

By: _Edward F. Pohren_
Edward F. Pohren, #16026
Danielle M. Dring, #25480
Smith, Slusky, Pohren & Rogers, LLP
8712 West Dodge Road, Suite 400
Omaha, NE 68114-3431
Phone: (402) 392-0101
Fax:    (402) 392-1011
epohren@smithslusky.com
ddring@smithslusky.com
Attorneys for Plaintiff

7

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI160001226
Transaction ID: 0004057872
Filing Date: 07/29/2016 04:09:21 PM CDT

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| LORETTA LEWIS, | ) | |
| | ) | CASE NO. CI 16- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PRAECIPE |
| | ) | |
| BELLEVUE UNIVERSITY, a Nebraska | ) | |
| Non-Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

To: The Clerk of the Sarpy County District Court.

Please issue summons to Defendant Bellevue University in the above-captioned matter, for Certified Mail, R.R.R. service by the undersigned attorneys upon the Defendant's registered agent, as follows:

Mary B. Hawkins

1000 Galvin Road

Bellevue, NE 68005

Loretta Lewis, Plaintiff.

By: *Edward D. Pohren*

Edward F. Pohren, #16026

Danielle M. Dring, #25480

Smith, Slusky, Pohren & Rogers, LLP

8712 West Dodge Road, Suite 400

Omaha, NE 68114-3431

Phone: (402) 392-0101

Fax:    (402) 392-1011

epohren@smithslusky.com

ddring@smithslusky.com

Attorneys for Plaintiff

| Image ID:<br>D00141758D59 | **SUMMONS** | Doc. No.   141758 |

IN THE DISTRICT COURT OF Sarpy COUNTY, NEBRASKA
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion            NE 68046 3087

Loretta Lewis v. Bellevue University

Case ID: CI 16     1226

TO:  Bellevue University

**FILED BY**

Clerk of the Sarpy District Court
08/01/2016

You have been sued by the following plaintiff(s):

Loretta Lewis

Plaintiff's Attorney:     Edward F Pohren
Address:                  8712 West Dodge Rd Suite 400
                          Omaha, NE 68114

Telephone:                (402) 392-0101

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: AUGUST  1, 2016     BY THE COURT:     _Carol Kremer_



                                                    Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          Bellevue University
          Mary B. Hawkins, registered agent
          1000 Galvin Road
          Bellevue, NE 68005

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    141758 |
|---|---|

```
SARPY COUNTY DISTRICT COURT
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion          NE 68046 3087
```

To:
Case ID: CI 16     1226 Loretta Lewis v. Bellevue University

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

   TOTAL               $ _____

Date: _____   BY: _____
                                        (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Bellevue University             From: Edward F Pohren
    Mary B. Hawkins, registered agent      8712 West Dodge Rd Suite 400
    1000 Galvin Road                       Omaha, NE 68114
    Bellevue, NE 68005

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI160001226
Transaction ID: 0004062996
Filing Date: 08/01/2016 03:32:37 PM CDT

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| LORETTA LEWIS, | ) | |
| | ) | CASE NO. CI 16-1226 |
| Plaintiff, | ) | |
| | ) | NOTICE OF SERVICE OF |
| v. | ) | PLAINTIFF'S FIRST SET OF |
| | ) | INTERROGATORIES and REQUESTS |
| BELLEVUE UNIVERSITY, a Nebraska | ) | FOR PRODUCTIO N |
| Non-Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE is given that on this 1st day of August, 2016, Plaintiff served Interrogatories and a Request for Production of Documents with the summons and complaint in this cause by U.S. Certified Mail, R.R.S., with postage prepaid, to: Mary B. Hawkins, Registered Agent for Bellevue University, at 1000 Galvin Road, in Bellevue, NE 68005.

Dated this 1st day of August, 2016.

LORETTA LEWIS, Plaintiff,

By: _Edward F. Pohren_

Edward F. Pohren, #16026
Danielle M. Dring, #25480
SMITH, SLUSKY, POHREN & ROGERS, LLP
8712 West Dodge Road, Suite 400
Omaha, Nebraska 68114
(402) 392-0101
epohren@smithslusky.com
ddring@smithslusky.com
Attorney for Plaintiff

1

# Certificate of Service

I hereby certify that on Tuesday, August 02, 2016 I provided a true and correct copy of the Notice-Serving Documents to the following:

Bellevue University service method: Certified Mail

Signature: /s/ Edward Pohren (Bar Number: 16026)

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI160001226
Transaction ID: 0004098404
Filing Date: 08/09/2016 08:10:56 AM CDT

## SERVICE RETURN

SARPY COUNTY DISTRICT COURT
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion            NE 68046 3087

To:
Case ID: CI 16    1226 Loretta Lewis v. Bellevue University

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Sherrill Mason_  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>Sherril Mason  8-3-16<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Mary B. Hawkins<br>Registered Agent for Bellevue University<br>1000 Galvin Road<br>Bellevue, NE 68005 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500)  ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 9590 9401 0020 5205 6237 43 | |
| 2. Article Number (*Transfer from service label*)<br>9171 9690 0935 0126 8507 53 | |
| PS Form 3811, April 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

...y certify that on

...es of the Summons

(Sheriff or authorized person)

### CERTIFIED MAIL
### PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Bellevue University, Defendant_

At the following address: _c/o Registered Agent Mary B. Hawkins_
_1000 Galvin Road, Bellevue 68005_

on the _1st_ day of _August_  _2016_, as required by Nebraska state law.

_Edward F Pohren_  #16026

Postage $ _7.78_  Attorney for: _Loretta Lewis, Plaintiff_

The return receipt for mailing to the party was signed on _August 3, 2016_

To: Bellevue University        From: Edward F Pohren
    Mary B. Hawkins, registered agent    8712 West Dodge Rd Suite 400
    1000 Galvin Road                Omaha, NE 68114
    Bellevue, NE 68005

## ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Tuesday, August 09, 2016 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Bellevue University service method: No Service

Signature: /s/ Edward Pohren (Bar Number: 16026)